**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABRAHAM J. LAWSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　　Defendant. | Case No. 5:19-cv-01999<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. FAIR DEBT COLLECTION PRACTICES ACT PURSUANT TO 15 U.S.C. § 1692, et seq.**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

**NOW COMES**, ABRAHAM J. LAWSON, by and through his counsel, Nicholas M. Wajda, and asserts the following class action claims against PORTFOLIO RECOVERY ASSOCIATES, LLC as follows:

**I. Parties, Jurisdiction and Venue**

1.　ABRAHAM J. LAWSON ("Plaintiff") is a resident of Victorville, California and brings this action seeking redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

2.　PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") is a Delaware corporation, headquartered in Norfolk, Virginia, and authorized to conduct business in this state.

3.　Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

1

4. Defendant purchases defaulted consumer debts and its principal purpose is the purchase and collection of defaulted debts.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in this District, Plaintiff resides in this District, and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

**II. Facts Supporting Cause of Action**

6. After experiencing personal hardships, Plaintiff defaulted on a credit card issued by Capital One Bank (USA), N.A. (the "Subject Debt").

7. Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA because the Subject Debt was for Plaintiff's personal and household use.

8. Sometime after Plaintiff defaulted on the Subject Debt, the Subject Debt was purchased by Defendant.

9. In an attempt to collect the Subject Debt, Defendant has mailed a series of collection letters to Plaintiff. For example, Defendant mailed collection letters to Plaintiff where the letters are dated 11/13/2018, and 10/10/2018.

10. On information and belief, the 11/13/2018 and 10/10/2018 letters were not mailed out on the dates stated.

11. To the best of Plaintiff's recollection, he received the 11/13/2018 and 10/10/2018 letters more than a week after the purported mailing dates.

12. The 11/13/2018 and 10/10/2018 letters both state that the Subject Debt is subject to an unstated statute of limitation.

13. In part, each letter states "[t]his communication is from a debt collector and is an attempt to collect a debt" and includes language that states: "[t]he law limits how long you can be

sued on a debt. Because of the age of your debt, we will not sue you for it" (at times the "Time-Barred Debt Disclosure").

14. In order to comply with the FDCPA, when Defendant is collecting time-barred debt, Defendant should inform consumers during oral conversations that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

15. After the transmission date and Plaintiff's receipt of the 11/13/2018 and 10/10/2018 letters, Defendant called Plaintiff on numerous occasions to collect the Subject Debt.

16. After the transmission date and Plaintiff's receipt of the 11/13/2018 and 10/10/2018 letters, Defendant has called Plaintiff in numerous attempts to collect the Subject Debt.

17. Plaintiff has answered Defendant's calls on numerous occasions and after doing so, Plaintiff has told a person on the other of the end of the call to stop calling him about the Subject Debt.

18. Despite Plaintiff telling Defendant's agents or employees to stop calling him, Defendant has continued to call him in violation of the FDCPA.

19. To the best of Plaintiff's recollection, during one or more of Defendant's telephone calls with Plaintiff, the person or persons who spoke with Plaintiff on behalf of Defendant failed to inform Plaintiff that the subject debt was time-barred.

20. In particular, to the best of Plaintiff's recollection, during one or more of Defendant's telephone calls with Plaintiff, the person or persons who spoke with Plaintiff on behalf of Defendant failed to inform Plaintiff that the law limits how long he could be sued relative to the Subject Debt.

21. In particular, to the best of Plaintiff's recollection, during one or more of Defendant's telephone calls with Plaintiff, the person or persons who spoke with Plaintiff on behalf

3

of Defendant failed to inform Plaintiff that because of the age of his debt, Defendant would not sue him to collect the debt.

22. Based upon Defendant's failure to make the above disclosures to Plaintiff, when Defendant has called consumers who reside in this district to collect time-barred debt, Defendant has failed to inform over 40 of these consumers during these calls that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you for it." .

### III. Causes of Action

**Count I – Individual Violations of Sections 1692d, 1692d(5), 1692e & 1692f**

23. Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

24. Within the past year, Defendant has continued to call Plaintiff after Plaintiff answered more than one call and instructed Defendant's agent and/or representative to stop calling him.

25. Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." In particular, Section 1692(d)(5) of the FDCPA provides that "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" constitutes a violation of Section 1692d.

26. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

28.     Defendant has violated Sections 1692d, 1692d(5), 1692e & 1692f of the FDCPA by continuing to call Plaintiff after Plaintiff answered more than one call and instructed Defendant's agent and/or representative to stop calling him.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

    a.    Declaring that the practices complained of above are unlawful and violate Sections 1692d, 1692d(5), 1692e, 1692f of the FDCPA;

    b.    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A); and

    c.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count II – Violation of Section 1692e (Class Action Based)**

29.     Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

30.     Where a debt is time barred, the failure to orally disclose to consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect the debt violates Section 1692e of the FDCPA.

31.     Failing to orally disclose to consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect the debt constitutes a "false, deceptive, or misleading representation or means in connection with the collection of [a] debt" because Defendant's omissions failed to properly disclose to Plaintiff and other consumers that their debts were time-barred under the law .

32.     Where Defendant has attempted to collect time-barred debt, the failure to orally disclose to Plaintiff and consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect the time-barred debts constitutes a false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of violated Section 1692e.

5

33. Defendant's violations of Section 1692e were material because Defendant's omissions failed to properly disclose to consumers the time-barred nature of the subject debts and their legal rights relative to the time-barred nature of the subject debts.

34. In particular, it was a material misrepresentation and/or omission for Defendant to fail to inform Plaintiff and other consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect a time-barred debt.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

   a. Declaring that the practices complained of above are unlawful and violate Section 1692e of the FDCPA;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding statutory and actual damages to putative class members as provided by Section 1692k; and

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count III – Violation of Section 1692e(2)(A) (Class Action Based)**

35. Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

36. Where a debt is time barred, the failure to orally disclose to consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect the debt violates Section 1692e(2)(A) of the FDCPA.

37. Where Defendant sent collection letters to Plaintiff and other consumers where the collection letters contained a Time-Barred Debt Disclosure, Defendant violated Section 1692e(2)(A) of the FDCPA because failing to orally disclose to Plaintiff and other consumers that their debts are time-barred constitutes "false representation of . . . the character [and] legal status of" the Subject Debt in violation of Section 1692e(2)(A) of the FDCPA.

6

38. Where Defendant has attempted to collect time-barred debt, the failure to orally disclose to Plaintiff and consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect the time-barred debts constitutes a "false representation of . . . the character [and] legal status of" the Subject Debt in violation of Section 1692e(2)(A) of the FDCPA.

39. Defendant's violations of Section 1692e(2)(A) of the FDCPA were material because Defendant's omissions failed to properly disclose to consumers the time-barred nature of the subject debts and their legal rights relative to the time-barred nature of the subject debts.

40. In particular, it was a material misrepresentation and/or omission for Defendant to fail to inform Plaintiff and other consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect a time-barred debt.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

   a. Declaring that the practices complained of above are unlawful and violate Section 1692e(2)(A) of the FDCPA;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding statutory and actual damages to putative class members as provided by Section 1692k; and

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count IV – Violation of Section 1692e(10) (Class Action Based)**

41. Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

42. Where a debt is time barred, the failure to orally disclose to consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect the debt violates Section 1692e(10) of the FDCPA.

43. Where Defendant sent collection letters to Plaintiff and other consumers and the collection letters contained a Time-Barred Debt Disclosure, Defendant violated Section 1692e(10) of the FDCPA by failing to orally inform Plaintiff and other consumers that their debts are time-barred.

44. Where Defendant has attempted to collect time-barred debt, the failure to orally disclose to Plaintiff and consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect the time-barred debts constitutes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," in violation of Section 1692e(10) of the FDCPA.

45. Defendant's violations of Section 1692e(10) of the FDCPA were material because Defendant's omissions failed to properly disclose to consumers the time-barred nature of the subject debts and their legal rights relative to the time-barred nature of the subject debts.

46. In particular, it was a material misrepresentation and/or omission for Defendant to fail to inform Plaintiff and other consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect a time-barred debt.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

   a. Declaring that the practices complained of above are unlawful and violate Section 1692e(10) of the FDCPA;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding statutory and actual damages to putative class members as provided by Section 1692k; and

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count V – Violation of Section 1692f (Class Action Based)**

47. Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

48. Where a debt is time barred, the failure to orally disclose to consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect the debt violates Section 1692f of the FDCPA.

49. Where Defendant sent collection letters to Plaintiff and other consumers and the collection letters contained a Time-Barred Debt Disclosure, Defendant violated Section 1692f of the FDCPA because failing to orally inform Plaintiff and other consumers that their debts are time-barred.

50. Where Defendant has attempted to collect time-barred debt, the failure to orally disclose to Plaintiff and consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect the time-barred debts constitutes a "unfair or unconscionable means to collect or attempt to collect a debt," in violation of Section 1692f of the FDCPA.

51. Defendant's violations of Section 1692f of the FDCPA were material because Defendant's omissions failed to properly disclose to consumers the time-barred nature of the subject debts and their legal rights relative to the time-barred nature of the subject debts.

52. In particular, it was a material misrepresentation and/or omission for Defendant to fail to inform Plaintiff and other consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you" to collect a time-barred debt.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

    a. Declaring that the practices complained of above are unlawful and violate Section 1692f of the FDCPA;

      b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

      c. Awarding statutory and actual damages to putative class members as provided by Section 1692k; and

      d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

## IV. Class Action Allegations

53. Plaintiff can satisfy the elements of Federal Rule of Civil Procedure 23.

54. Plaintiff seeks to represent putative class members with mailing addresses in this judicial District and in alternative, putative class members with mailing addresses from the State of California.

55. Plaintiff and his counsel will fairly, adequately and vigorously represent and protect the interests of the proposed class members and has/have no interest antagonistic to those of the putative classes.

56. There are no defenses unique to Plaintiff.

57. Plaintiff's claims are typical of the claims of the proposed class members.

58. There are questions of fact and law common to the claims of Plaintiff and members the putative proposed class members. As noted above, the common questions of fact relate to whether Defendant attempted to collect time-barred debts where Defendant sent letters containing the Time-Barred Debt Disclosure to consumers within this judicial district and Defendant's agents and/or representatives failed to orally disclose to Plaintiff and consumers during oral conversations that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you."

59. Defendant's collection records should document via recorded calls and account notes whether collection agents document informing Plaintiff and members the putative proposed

class members during oral conversations related to time-barred debts that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you".

60. As noted above, the common questions of law relate to whether Defendant violated Sections 1692e 1692e(2)(A), 1692e(10) and 1692f of the FDCPA in attempting to collect time-barred debts and failing to orally disclose to Plaintiff and consumers during oral conversations that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you."

61. Plaintiff and the proposed class members' claims all arise from the same operative facts and are based on the same causes of action set forth above.

62. Defendant's account records can be searched to identify putative class members who owed debts to Capital One Bank (USA), N.A., where the debts are time-barred, where telephone calls resulting in contact with the subject debtors (consumers) and Defendant's agents or call representatives failed to orally disclose to these debtor/consumers that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you."

63. A class action is an appropriate method for the fair and efficient adjudication of this controversy, and superior to other available methods for the fair and efficient adjudication of this controversy.

64. Common questions of law and fact enumerated above predominate over questions affecting only individual Class members.

65. The putative class can be identified as follows:

> All consumers with mailing addresses within this Judicial District, who within one year of the date of the filling of this lawsuit (and until Defendant corrects its conduct) were called by Defendant in an attempt to collect a time-barred debt that was once owed to Capital One Bank (USA), N.A., and during a telephone conversation, Defendant's records show that it failed to orally disclose to consumers that "the law limits how long you can be sued on a debt" and/or "because of the age of your debt, we will not sue you" to collect the time-barred debts.

66. Alternatively, the putative class can be identified as follows:

> All consumers with mailing addresses within the State of California, who within one year of the date of the filling of this lawsuit (and until Defendant corrects its conduct) were called by Defendant in an attempt to collect a time-barred debt that was once owed to Capital One Bank (USA), N.A., and during a telephone conversation, Defendant's records show that it failed to orally disclose to consumers that "the law limits how long you can be sued on a debt" and/or "because of the age of your debt, we will not sue you" to collect the time-barred debts.

67. Joinder of all members of the Class is impracticable.

68. The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation.

69. As such, the expense and burden of individual litigation would make it impracticable for proposed Class members to prosecute their claims individually.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: October 17, 2019                                                                 Respectfully submitted,

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com

12